IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BOBBY JO BEGGS,<br>(CDCR No. T-22520),<br><br>     Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>     Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>Civil Action No. 7:21-cv-097-M-BP |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Inmate plaintiff Bobby Jo Beggs filed this civil case, which was referred to the undersigned United States Magistrate Judge for pretrial management under 28 U.S.C. § 636(b) and Special Order No. 3. ECF No. 2. The *pro se* Beggs filed this suit while housed in the California Health Care Facility in Stockton, California. ECF No. 1. That address remains the same one on file for Beggs with the Clerk of Court.

On October 13, 2021, the Court issued an Order and Notice of Deficiency directing Beggs to complete and file a civil rights complaint form, and to file an application to proceed *in forma pauperis* with a certificate of inmate trust account or pay the $402.00 filing fee by November 12, 2021. ECF No. 4. The order warned Beggs that "[f]ailure to timely comply with this order could result in a recommendation that this case be dismissed without prejudice for failure to prosecute or to comply with orders of the Court pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* Upon his request, the Court extended the deadline for him to comply until December 10, 2021. ECF Nos. 5-6. The Court later *sua sponte* extended the deadline once more until January 10, 2022. ECF No. 7. That order again noted that "failure to timely and completely comply by the new extended

deadline may result in the Court dismissing Plaintiff's claims without further notice." *Id*. As of today, Beggs has not filed the required complaint form. Nor has he filed a properly completed *in forma pauperis* application or paid the $402.00 filing and administrative fee.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal with prejudice for want of prosecution is an extreme sanction that should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Beggs has not complied with the Court's October 13, 2021 order, and it appears he no longer desires to pursue his claims. Absent compliance, this case cannot proceed. However, in light of this case's status, the imposition of fines and costs is not appropriate. Although Beggs has failed to comply with the Court's order, it is not evident that he has engaged in purposeful delay or contumacious conduct. Upon considering all relevant factors, the undersigned finds that the interests of justice and those of judicial efficiency would best be served by dismissal of this action without prejudice.

Accordingly, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS** Beggs's Complaint **without prejudice** pursuant to Federal Rule

of Civil Procedure 41(b) for want of prosecution and failure to obey the Court's order.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SIGNED** on January 28, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE